

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-7-2005

# A. H. v. S Orange Maplewood

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-4103

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"A. H. v. S Orange Maplewood" (2005). *2005 Decisions.* Paper 255.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/255

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 03-4103
_____

A.H., Individually and o/b/o C.H.C.,

Appellants

v.

SOUTH ORANGE MAPLEWOOD BOARD OF EDUCATION

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civil No. 03-cv-03617)
District Judge: Honorable Jose L. Linares
_____

Submitted Under Third Circuit LAR 34.1(a)
August 26, 2005

Before: ROTH, MCKEE AND ALDISERT, <u>CIRCUIT JUDGES</u>

(Filed: November 7, 2005)

_____

OPINION
_____

PER CURIAM

*Pro se* appellant A.H.[1] appeals from the order of the United States District Court for the District of New Jersey dismissing her action for fees and related costs pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq. For the reasons set forth below, we will affirm.

The proceedings below were initiated by a complaint filed by Tracée Edmondson, M.B.A., identified in the complaint and supporting documents as the "consultant" and "consultant and advocate" for A.H., proceeding individually and on behalf of her daughter C.H.C. According to the complaint and supporting affidavits, C.H.C. has a learning disability and is eligible under the IDEA for special education services from the South Orange Maplewood (New Jersey) schools. A.H. retained Edmondson, a special education consultant and president/founder of Total Envolvement consulting firm, who successfully represented A.H. and C.H.C. in pursuing educational remedies in a due process hearing before New Jersey's Office of Administrative Law. On behalf of A.H. and C.H.C., Edmondson filed this action pursuant to 20 U.S.C. § 1415, seeking an award of reasonable fees and related costs incurred in representing them in the administrative proceeding, as well as fees and costs incurred in bringing the action. Edmondson attached an affidavit and a list of tasks performed, indicating that she spent 3,402 hours on the matter. Her fees, calculated at $350.00 per hour, totaled $1,190,700.00.

---

[1] Appellant signs her name to the pleadings on appeal, but she is known as "A.H." in the district court caption, as the parent of a child-plaintiff.

The district court denied relief, noting the plaintiffs' failure to provide an affidavit of services limited to the representation of the plaintiffs before the Office of Administrative Law. A.H., now proceeding *pro se*, appeals the district court's order.

We have jurisdiction under 28 U.S.C. § 1291. Under the IDEA, a "prevailing party" may be awarded "reasonable attorneys' fees as part of the costs to the parents or guardian of a child or youth" with a disability. 20 U.S.C. § 1415(i)(3)(B). Generally, we review a decision to grant or deny a request for fees for an abuse of discretion, but we review the district court's choice, interpretation, and application of the law to the facts in plenary fashion. See Holmes v. Millcreek Township Sch. Dist., 205 F.3d 583, 589 (3d Cir. 2000). We are free to affirm the district court's judgment on any basis supported by the record. Fairview Township v. EPA, 773 F.2d 517, 525 n.15 (3d Cir. 1985).

At the outset, we emphasize that actions in federal court must be pleaded and pursued either by the parties personally, or by an attorney. 28 U.S.C. § 1654. Thus, the district court's local procedural rules provide, generally, that persons admitted to practice in that court are attorneys. D.N.J. L. Civ. R. 101.1. Also, Rule 11 of the Federal Rules of Civil Procedure requires that documents filed with the district court are to be signed by counsel, or signed by the party if the party is not represented by counsel; unsigned documents are subject to being stricken. Fed. R. Civ. P. 11(a). Each paper is to include the signer's address and telephone number. Id.

In this case, we observe from the record that A.H. did not sign the complaint and

3

did not pursue the action before the district court on her own behalf. Rather, Edmondson prepared and signed the complaint and documents submitted in support thereof and did so as A.H.'s representative. Indeed, the document titled "Notice of Motion for Fees and Expenses" specifically states that "the undersigned, Total Envolvement, consultant and advocate for Plaintiffs, A.H., individually and on behalf of her daughter, C.H.C., shall move before the Judge of the United States District Court for the District of New Jersey. . . for entry of an Order awarding fees and expenses . . . ." (District Court Document #2.) Moreover, the address and telephone number provided on the documents is that of Edmondson's consulting firm, Total Envolvement. However, it is apparent that Edmondson was not an attorney at the time she filed the action. She identifies herself in her filings as a consultant, and her résumé (submitted in support of the fee request) does not reflect that she ever attended law school.[2] The fact that A.H. now proceeds *pro se* on appeal does not cure the unauthorized filings in district court. Thus, we will affirm the district court's dismissal of the complaint. We clarify that the dismissal is without prejudice to a properly-filed action for fees that A.H. might wish to pursue. We express no opinion as to the merits of any such action.

---

[2] We note that, in a similar case filed by Edmondson four months prior to the one *sub judice*, the district court found that Edmondson was not authorized to file pleadings in the district court as a non-party and a non-attorney, and concluded that Edmondson's filings constituted the unauthorized practice of law. Neither the factual findings nor the legal conclusions were challenged on appeal. E.R. v. Vineland Bd. Of Educ., No. 03-1121 (D.N.J. Nov. 13, 2003) (citing 28 U.S.C. § 1654; D.N.J. Civ. R. 101.1; Arons v. New Jersey State Bd. Of Educ., 842 F.2d 58 (3d Cir. 1988)).

4

For the foregoing reasons, we will affirm the district court's order. Appellant's motion to expedite the appeal is denied.